IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE MATA MERCADO,<br>　　　　　　Petitioner,<br><br>　　　　　v.<br><br>J.L. JAMISON, JOHN RIFE, TODD LYONS, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, KRISTI NOEM, U.S. DEPARTMENT OF HOMELAND SECURITY, PAMELA BONDI,<br>　　　　　　Respondents. | CIVIL ACTION<br><br><br><br>NO.  26-1455 |

HODGE, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　March 12, 2026

### MEMORANDUM

Petitioner Jorge Mata Mercado ("Petitioner" or "Mr. Mata Mercado") is another of the numerous individuals who, pursuant to the new decision by the Bureau of Immigration Appeals ("BIA"), has been subjected to mandatory detention without the opportunity for an individualized hearing under the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2). BIA's interpretation of that section would permit it to treat an immigrant who was not inspected upon arrival in the country "as seeking admission" even if the person arrived in the country years ago. Such treatment results in detention without any hearing. This Court again joins with the hundreds of decisions rejecting BIA's analysis, and grants Mr. Mata Mercado's petition for a writ of habeas corpus (ECF No. 1 (the "Petition")) and orders his immediate release.[1]

---

[1] The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar recent cases, and as the parties have stipulated to. (ECF No. 6); *see Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

I.     **PROCEDURAL BACKGROUND**[2]

Mr. Mata Mercado, a native of Mexico, entered the United States in or around 2005 without inspection and has lived in the state of Delaware since that time. (ECF No. 1 at 1, ¶ 10.) He has a single conviction for Driving Under the Influence ("DUI") in 2003 and no other criminal history. (*Id.* at 1.) He was sentenced to probation for the DUI, completed all probationary requirements in 2021, and his driving privileges have since been restored. (*Id.* at 1–2.) Mr. Mata Mercado has been married to his wife since 2005, and the couple have three children, all of whom were born in the United States. (*Id.* at 1.)

On March 2, 2026, Mr. Mata Mercado was stopped by Immigration and Customs Enforcement ("ICE") officers while driving on Route 1 in Delaware. (*Id.* at 2.) ICE officers then took Mr. Mata Mercado into custody without explanation and transported him to the Federal Detention Center in Philadelphia. (*Id.*) ICE subsequently served Mr. Mata Mercado with a Notice to Appear placing him in removal proceedings in Philadelphia Immigration Court, but the Notice to Appear incorrectly identifies another individual. (*Id.*) The Department of Homeland Security ("DHS") also filed a Warrant for Arrest in Mr. Mata Mercado's removal proceedings, but the warrant also incorrectly identifies a different individual. (*Id.*) Petitioner was transferred to Moshannon Valley Processing Center in the Western District of Pennsylvania on March 6, 2026 (ECF No. 5 at 4 n.3), prior to this Court's Order not to transfer him from the Eastern District of Pennsylvania, which was issued on March 10, 2026 (ECF No. 3).[3]

II.    **LEGAL STANDARD**

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

States . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

### III. DISCUSSION

Respondents assert that the Petition should be denied because Mr. Mata Mercado is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and his detention does not violate constitutional due process.

#### A. Mr. Mata Mercado Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A)

Section 1225(b)(2)A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, DHS issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under

---

[3] Although Petitioner has been transferred out of this district, this Court retains jurisdiction over the matter. *Anariba v. Dir. Hudson Cty. Corr. Ctr.*, 17 F.4th 434, 445–46 (3d Cir. 2021) ("When the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004)).

8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. This policy was subsequently enshrined in a September 5, 2025 decision by the BIA, which took the position that all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (B.I.A. 2025). Respondents assert that the present case is governed by *Hurtado*. (ECF No. 5 at 4.)

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Id.* at 297. Respondents assert that noncitizens like Petitioner who are already present within the United States are "applicants for admission" within the language of Section 1225(b)(2)(A). (ECF No. 5 at 4–6.) However, as my colleagues have reasoned, if the Court accepts Respondents' argument that Section 1225(b)(2)(A) applies to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025). This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court. Given that Section 1225(b)(2)(A) is inapplicable to Petitioner, the Court finds that Petitioner has been unlawfully detained in violation of the INA.

## B. Mr. Mata Mercado's Detention Violates Due Process

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Mr. Mata Mercado. In this instance, Mr. Mata Mercado has a strong private interest in his personal liberty. The failure of the Government to afford him *any* individualized determination regarding whether he posed a danger or flight risk after living in this country for over twenty years with his wife and children with minimal criminal record poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes minimal administrative burden. Therefore, the application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to his detention on March 2, 2026. Because that hearing did not occur, Petitioner should not now be in custody.[4]

---

[4] In light of this Court's ruling that Petitioner's habeas petition is granted based on violation of the INA, 8 U.S.C. § 1226(a) (Count II) and violation of the Fifth Amendment Right to Substantive Due Process (Count III), this Court declines to address Mr. Mata Mercado's claims for relief pursuant to *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025) (Count I) or violation of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.* (Count IV).

## IV. CONCLUSION

For the aforementioned reasons, Petitioner's detention without a bond hearing offends the INA and the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Mr. Mata Mercado's Petition, orders his immediate release, permanently enjoins the Government from re-detaining him under Section 1225(b)(2)(a), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
HODGE, KELLEY B., J.