## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE MATA MERCADO,<br>    Petitioner,<br><br>    v.<br><br>J.L. JAMISON, JOHN RIFE, TODD LYONS, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, KRISTI NOEM, U.S. DEPARTMENT OF HOMELAND SECURITY, PAMELA BONDI,<br>    Respondents. | CIVIL ACTION<br><br><br><br>NO.  26-1455 |

## O R D E R

**AND NOW**, this 12th day of June, 2026, upon consideration of Jorge Mata Mercado's request for attorneys' fees included in his Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Memorandum of Law Regarding Petitioner's Claim for Attorneys' Fees (ECF No. 12), it is hereby **ORDERED** that Petitioner's request for attorneys' fees is **DENIED.**[1] The Clerk of Court is directed to mark the case as closed.

---

[1] Petitioner requests an award of attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 1.) Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In finding that Petitioner here is not entitled to attorneys' fees under the EAJA, this Court concurs with Judge Stickman's opinion in *Martinez-Briceno v. Warden of Moshannon Valley Processing Center*, No. 3:26-cv-232, 2026 WL 872494, at *1–2 (W.D. Pa. Mar. 30, 2026). In *Martinez-Briceno*, Judge Stickman held that payment of petitioner's attorneys' fees and expenses was not warranted under the EAJA because "[r]espondents' interpretation of § 1225(a), while incorrect, is substantially justified." *Id.* at *1. There is no binding Third Circuit or Supreme Court precedent on the interpretation of "applicants for admission" as it relates to 8 U.S.C. § 1225. Moreover, Courts of Appeals for the Fifth and Eighth Circuits have taken the Government's position with respect to application of § 1225(b) to noncitizens already present in the country. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). Therefore, the Court finds that the Government's position in this case was "substantially justified," and Petitioner is thus not entitled to attorneys' fees under the EAJA.

2

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

2